IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| VICTOR W. PATTERSON, TOBY G. BREEDLOVE, and JEANNINE B. RULIS (f/k/a CHARLOTTE JEANNINE BREEDLOVE),<br><br>Plaintiffs,<br><br>vs.<br><br>CITIMORTGAGE, INC., and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,<br><br>Defendants. | CIVIL ACTION NO.<br><br>1:11-CV-0339-CC |

## OPINION AND ORDER

This matter is before the Court on the CitiMortgage Defendants' Renewed Motion for Summary Judgment [Doc. No. 54] and the CitiMortgage Defendants' Motion to Strike Plaintiffs' Supplemental Brief in Opposition to Defendants' Motion for Summary Judgment/Motion for Reconsideration, Supplemental Statement of Material Facts that Remain in Dispute and Their Response to Defendants' Statement of Undisputed Material Facts, Affidavit of Toby G. Breedlove, and Supplemental Affidavit of Plaintiff Victor W. Patterson [Doc. No. 58]. For the reasons that follow, the Court grants both motions.

## I.   BACKGROUND

On December 30, 2010, Plaintiffs Victor W. Patterson ("Patterson"), Toby G. Breedlove ("Mr. Breedlove"), and Jeannine B. Rulis (f/k/a Charlotte Jeannine Breedlove) (collectively referred to herein as "Plaintiffs") commenced this action against Defendants CitiMortgage, Inc. ("CitiMortgage") and Mortgage Electronic Registration Systems ("MERS") (collectively referred to herein as the "CitiMortgage Defendants") in the Superior Court of Gwinnett County, Georgia. The Verified Complaint for Wrongful Foreclosure, Breach of Contract, Tortious Interference with

Contractual Relations, QUIA Timet, Injunctive Relief and Other Relief (the "Complaint") [Doc. No. 1-2] includes claims for wrongful foreclosure, breach of contract, tortious interference with contractual relations, "quia timet and reformation," injunctive relief, attorney's fees, and punitive and exemplary damages. All of these claims are premised primarily on Plaintiffs' argument, which this Court has previously rejected, that a letter CitiMortgage sent to Patterson dated September 19, 2008 (the "September 19 Letter") constituted a valid, binding contract. By this lawsuit, Plaintiffs seek to enjoin the foreclosure of real property located at 2382 Old Fountain Road, Lawrenceville, Georgia 30043 (the "Property"), compel CitiMortgage to honor the offer in the September 19 Letter to accept $113,968.45 as a short sale payoff, quiet title to the Property so that it vests in Patterson, and compel the CitiMortgage Defendants to pay compensatory and punitive damages and attorney's fees.

On February 2, 2011, the CitiMortgage Defendants timely removed the action to this Court and filed their Answer and Counterclaim on February 9, 2011. CitiMortgage asserted counterclaims against Breedlove and Jeannine B. Rulis (f/k/a Charlotte Jeannine Breedlove) (the "Breedlove Defendants") for breach of contract and attorney's fees. Contending that the CitiMortgage Defendants' defenses and CitiMortgage's counterclaims are baseless, the Breedloves asserted a separate counterclaim to recover attorney's fees incurred in defending against the counterclaims.[1]

On January 31, 2012, following the close of discovery, the CitiMortgage Defendants filed their Motion for Summary Judgment on all of Plaintiffs' claims and also requested summary judgment on CitiMortgage's counterclaims for breach of contract and attorney's fees. (Doc. No. 35.) On February 25, 2012, Plaintiffs filed

---

[1] Plaintiff Rulis has represented through counsel that she is not asserting any claims, she has not sustained any damages, and she is not seeking any relief against the CitiMortgage Defendants in this action.

- 2 -

their Brief in Opposition to Defendants' Motion for Summary Judgment. (Doc. No. 45.)  On March 12, 2012, the CitiMortgage Defendants filed their Reply Memorandum in Support of Motion for Summary Judgment. (Doc. No. 47.)

On September 26, 2012, the Court entered an Opinion and Order granting in part and denying without prejudice in part the CitiMortgage Defendants' Motion for Summary Judgment. (Doc. No. 52.) The Court found that the CitiMortgage Defendants were entitled to summary judgment on all of Plaintiffs' claims, except Plaintiffs' wrongful foreclosure claim, to the extent that it was based on Plaintiffs' argument that "MERS lacks standing to prosecute the foreclosure of the Property based on the fact that MERS does not own or possess the promissory note associated with the Security Deed." (Id. at 20.) The Court found that Defendants were entitled to summary judgment on the wrongful foreclosure claim, to the extent that it was "premised on the incorrect theory that the September 19 Letter constituted a valid contract." (Id. at 19.) With respect to the former basis for the wrongful foreclosure claim, the Court noted that it "agree[d] with the majority of judges on this Court who have considered the issue and held that the holder of a security deed need not also possess or hold the note to conduct foreclosure proceedings." (Id. at 20-21.) The Court acknowledged, however, that there was contrary authority in this district at the time. (Id. at 21-22.) Given the then-existing split of authority, the Court denied the CitiMortgage Defendants' summary judgment motion as to Plaintiffs' wrongful foreclosure claim without prejudice until the Supreme Court of Georgia answered questions certified to it by this Court in Chae Ti You v. JPMorgan Chase Bank, N.A., Civil Action No. 1:12-CV-202-JEC-AJB, 2012 WL 3904363, at *6 (N.D. Ga. Sept. 2, 2012), including the question of whether the holder of a security deed must also possess the note in order to conduct a non-judicial foreclosure. (Doc. No. 52 at 22.) The Court also noted its decision to postpone ruling "on whether summary judgment should be granted with respect to Plaintiffs' claim for emotional distress damages related to the alleged wrongful foreclosure." (Id. at 22 n.4.) The Court

- 3 -

ordered that the case be administratively closed pending the Supreme Court of Georgia's resolution of the questions certified in You. (Id. at 27.)

On May 20, 2013, the Supreme Court of Georgia answered the certified questions presented in You, holding in relevant part that "current law does not require a party seeking to exercise a power of sale in a deed to secure debt to hold, in addition to the deed, the promissory note evidencing the underlying debt." See You v. JP Morgan Chase Bank, N.A., 293 Ga. 67, 67, 743 S.E.2d 428 (2013). On August 1, 2013, this Court entered an Order re-opening the above-styled action and allowing the CitiMortgage Defendants thirty (30) days within which to "renew their summary judgment motion as to the wrongful foreclosure claim and the related claim for emotional distress damages." (Doc. No. 53.)

On September 3, 2013, the CitiMortgage Defendants filed their Renewed Motion for Summary Judgment, which is presently pending before the Court. (Doc. No. 54.) The CitiMortgage Defendants filed a brief in support of the Renewed Motion for Summary Judgment but otherwise just relied on all pleadings of record in the action and all filings that were submitted in connection with their Motion for Summary Judgment [Doc. No. 35]. (See Doc. No. 54 at 2.) In response, Plaintiffs filed a Supplemental Brief in Opposition to Defendants' Motion for Summary Judgment/Motion for Reconsideration, a Supplemental Statement of Material Facts that Remain in Dispute and Their Response to Defendants' Statement of Undisputed Material Facts, an Affidavit of Plaintiff Toby G. Breedlove, and a Supplemental Affidavit of Plaintiff Victor W. Patterson Submitted with Plaintiffs' Supplemental Brief. (Doc. No. 55.) The CitiMortgage Defendants filed a Reply Memorandum in Support of Renewed Motion for Summary Judgment. (Doc. No. 57.) The CitiMortgage Defendants also filed a Motion to Strike Plaintiffs' Supplemental Brief in Opposition to Defendants' Motion for Summary Judgment/Motion for Reconsideration, Supplemental Statement of Material Facts that Remain in Dispute and Their Response to Defendants' Statement of Undisputed Material Facts,

Affidavit of Toby G. Breedlove, and Supplemental Affidavit of Plaintiff Victor W. Patterson (the "Motion to Strike"). (Doc. No. 58.)

On October 10, 2013, Plaintiffs filed a Suggestion of Filing of Bankruptcy by Plaintiff Victor W. Patterson. (Doc. No. 56.) As argued in the CitiMortgage Defendants' Response to Plaintiffs' Suggestion of Bankruptcy of Victor W. Patterson [Doc. No. 59], the bankruptcy does not automatically stay or otherwise impact Patterson's claims against the CitiMortgage Defendants. Additionally, the CitiMortgage Defendants have not asserted any counterclaims against Patterson. Accordingly, there is no stay of the litigation in effect, and the Court will proceed to address the pending Motion to Strike and will then address the Renewed Motion for Summary Judgment.

## II.   MOTION TO STRIKE

The CitiMortgage Defendants filed their Motion to Strike on October 14, 2013. As of the date of the instant Order, Plaintiffs have not filed a response to the Motion to Strike. Local Rule 7.1(B) provides the following regarding the time frame for responding to motions and the impact of a party's failure to file a response:

> Any party opposing a motion shall serve the party's response, responsive memorandum, affidavits, and any other responsive material not later than fourteen (14) days after the service of the motion, except that in cases of motion for summary judgment the time shall be twenty-one (21) days after service of the motion. Failure to file a response shall indicate that there is no opposition to the motion.

LR 7.1(B), NDGa. Pursuant to Local Rule 7.1(B), the Court finds that there is no opposition by Plaintiffs to the Motion to Strike. Accordingly, the Court **GRANTS** the Motion to Strike as unopposed and for all of the reasons set forth in the Motion to Strike. Other than Sections IV(A), IV(C), and IV(D) of the Supplemental Brief in Opposition to Defendants' Motion for Summary Judgment, the Court **STRIKES** the remainder of Plaintiffs' filings in opposition to the Renewed Motion for Summary Judgment.

## II.   RENEWED MOTION FOR SUMMARY JUDGMENT

Based on the Court's Opinion and Order entered on September 26, 2012, only

two issues remain pending before the Court.  First, the Court must determine whether there is any merit to Plaintiffs' argument that MERS is without standing to prosecute the foreclosure of the Property based on the fact that MERS does not own or possess the promissory note associated with the Security Deed.  Second, if MERS does lack standing to prosecute the foreclosure and wrongfully attempted to foreclose on the Property, the Court must determine whether Plaintiffs' claim for emotional distress damages withstands summary judgment.

### A.   Wrongful Foreclosure

In the You decision, the Supreme Court of Georgia squarely addressed whether "the holder of a security deed [can] be considered a secured creditor, such that the deed holder can initiate foreclosure proceedings on residential property even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed."  293 Ga. at 69.  The Court answered this question in the affirmative and stated as follows:  "Under current Georgia law, the holder of a deed to secure debt is authorized to exercise the power of sale in accordance with the terms of the deed even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed."  You, 293 Ga. at 74.

While Plaintiffs express their disagreement with the You decision, Plaintiffs acknowledge that this decision is binding and renders their remaining theory for the wrongful foreclosure claim – "the fact that the injured party is not the party that conducted the foreclosure" – meritless.  (Pls.' Supp. Br. in Opp'n to Defs.' Mot. for Summ. J./Mot. for Reconsideration [Doc. No. 55] at 22-23.)  Here, there is no dispute that MERS held the Security Deed to the Property at the time that it initiated foreclosure proceedings.  Based on You, MERS possessed the authority to foreclose on the Property in accordance with the Security Deed's power of sale.  Therefore, the CitiMortgage Defendants are entitled to summary judgment on Plaintiffs' wrongful foreclosure claim.

B.     Emotional Distress Damages

Plaintiffs' claim for emotional distress damages likewise fails.  In Georgia, a claim for emotional distress arising from a wrongful foreclosure is "treated as an action for intentional infliction of emotional distress, and the burden that [a] plaintiff must meet is a stringent one in order to prevail."  McCarter v. Bankers Trust Co., 247 Ga. App. 129, 133, 543 S.E.2d 755 (2000); DeGolyer v. Green Tree Servicing, LLC, 291 Ga. App. 444, 449, 662 S.E.2d 141 (2008).  To maintain a claim of intentional infliction of emotional distress under Georgia law, a plaintiff must show that (1) the defendant's conduct was intentional or reckless, (2) the conduct was extreme and outrageous, (3) there was a causal connection between the wrongful conduct and the emotional distress, and (4) the emotional distress suffered was severe.  Bridges v. Winn-Dixie Atlanta, Inc., 176 Ga. App. 227, 230, 335 S.E.2d 445 (1985).  Whether a defendant's conduct is extreme and outrageous is a question of law.  Yarbray v. S. Bell Tel. & Tel. Co., 261 Ga. 703, 706, 409 S.E.2d 835 (1991).

In the instant case, Plaintiffs have failed to point to evidence demonstrating that the CitiMortgage Defendants engaged in conduct that was extreme and outrageous.  Plaintiffs' claim for intentional infliction of emotional distress is predicated on the same evidence that purportedly supported the claim for wrongful foreclosure.  As the Court determined above, however, MERS lawfully initiated foreclosure proceedings.  Since the claim for wrongful foreclosure fails and there is no evidence that the CitiMortgage Defendants otherwise engaged in conduct that was extreme or outrageous, Plaintiffs' claim for emotional distress damages also fails.  See Mayrant v. Deutsche Bank Trust Co. Americas, Civil Action No. 1:10-CV-3094-TWT, 2011 WL 1897674, at *3 (N.D. Ga. May 17, 2011) (finding no reckless, extreme, or outrageous conduct where the defendant had exercised its contractual right to foreclose on the plaintiff's property pursuant to the power of sale in the security deed).

## III.  CONCLUSION

Based on the foregoing, the Court **GRANTS** the CitiMortgage Defendants' Renewed Motion for Summary Judgment [Doc. No. 54] and **GRANTS** the CitiMortgage Defendants' Motion to Strike Plaintiffs' Supplemental Brief in Opposition to Defendants' Motion for Summary Judgment/Motion for Reconsideration, Supplemental Statement of Material Facts that Remain in Dispute and Their Response to Defendants' Statement of Undisputed Material Facts, Affidavit of Toby G. Breedlove, and Supplemental Affidavit of Plaintiff Victor W. Patterson [Doc. No. 58].

Except for Sections IV(A), IV(C), and IV(D) of the Supplemental Brief in Opposition to Defendants' Motion for Summary Judgment, the Court **STRIKES** the remainder of Plaintiffs' filings in opposition to the Renewed Motion for Summary Judgment.

To enable the Court to enter a final judgment in the case, the Court **DIRECTS** CitiMortgage, Inc. to file an affidavit within ten (10) days specifying the amount owed by the Breedloves under the Note and Security Deed and the amount of reasonable attorneys' fees that CitiMortgage, Inc. has incurred.

SO ORDERED this 2nd day of September, 2014.

*s/  CLARENCE COOPER*

CLARENCE COOPER
SENIOR UNITED STATES DISTRICT JUDGE